UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-905-RJC
(3:06-cr-80-RJC-SCR-1)

| | |
|---|---|
| LLORD CAMERON DIGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 2].

### I. BACKGROUND

Petitioner was charged by Bill of Information[1] with a single count of discharging a firearm in furtherance of a crime of violence, *i.e.*, a violation of 18 U.S.C. § 1951 and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c) and 2. [3:06-cr-80 ("CR") Doc. 1]. Petitioner pleaded guilty. [CR Doc. 2] (Plea Agreement). The Presentence Investigation Report ("PSR") reflects that the underlying Hobbs Act offense involved a series of acts that Petitioner and others undertook to "harass and intimidate" the owners of a store. [CR Doc. 23 at ¶¶ 5-23].

On September 4, 2007, the Court sentenced him to 108 months' imprisonment followed by five years of supervised release. [CR Doc. 11] (Judgment). Petitioner did not appeal.

Petitioner began serving his term of supervised release in March 2022, after completing a

---

[1] Petitioner waived indictment. [CR Doc. 5].

1

<mark>Case 3:23-cv-00905-RJC   Document 5   Filed 03/29/24   Page 1 of 4</mark>

concurrent 20-year state sentence. [CR Doc. 14]. On November 17, 2022, the Government filed a Petition for Warrant for Offender Under Supervision, alleging that Petitioner committed a new law violation.[2] [Id.]. A magistrate judge entered an Order of Detention on November 29, 2022 [CR Doc. 19],[3] and the revocation proceeding remains pending.

Petitioner filed the instant § 2255 Motion to Vacate through counsel on December 29, 2023. [Doc. 2]. He argues that the § 924(c) conviction should be vacated because Hobbs Act extortion is not a valid predicate "crime of violence" pursuant to United States v. Davis, 139 S.Ct. 2319 (2019). [Id.]. The United States has filed a Response agreeing that the § 924(c) conviction should be vacated. [Doc. 4]. The Petitioner has not replied, and the matter is now ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and

---

[2] Petitioner was charged in Case No. 3:23-cr-90-RJC for the new law violations, *i.e.*, four counts of distributing methamphetamine and one count of possession with intent to distribute methamphetamine. He pleaded guilty to one count of distributing methamphetamine; he has not yet been sentenced.

[3] An Order of Detention was entered in Case No. 3:23-cr-90-RJC for the new charges on May 1, 2023. [3:23-cr-90, Doc. 4].

governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson v. United States, 576 U.S. 591 (2015), to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that Hobbs Act extortion is not a "crime of violence" under § 924(c)'s force clause. See United States v. Iozzi, 420 F.2d 512, 515 (4th Cir. 1970) (holding that fear of economic loss is sufficient to support a conviction for Hobbs Act extortion); see, e.g., Brown v. United States, 3:16-cv-310, 2020 WL 437921 (W.D.N.C. Jan. 28, 2020); Diri v. United States, 3:16-cv-476, 2019 WL 5076388 (W.D.N.C. Oct. 9, 2019).

The United States correctly agrees that the § 924(c) conviction was not supported by a valid predicate crime of violence and that the conviction must be vacated.[4] Accordingly, Petitioner's § 924(c) conviction will be vacated and the pending Petition for Warrant for Offender

---

[4] Because the Government has conceded that relief should be granted, the Court need not separately address Petitioner's argument that the Petition is not barred by the statute of limitations because he is factually innocent of violating § 924(c).

3

Under Supervision [CR Doc. 14] and Order of Detention [CR Doc. 19] will be dismissed as moot.[5]

## IV. CONCLUSION

Petitioner's Motion to Vacate is granted, Petitioner's conviction is vacated, and the Pending Petition for Warrant for Offender Under Supervision and Order of Detention are dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 2] is **GRANTED** and the Judgment [CR Doc. 11] is **VACATED**.

2. The Petition for Warrant for Offender Under Supervision [CR Doc. 14] and Order of Detention [CR Doc. 19] are **DISMISSED AS MOOT.**

The Clerk is respectfully directed to serve copies of this Order on the federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: March 29, 2024

Robert J. Conrad, Jr.
United States District Judge

---

[5] Of course, this has no effect on Petitioner's pretrial detention and charges in Case No. 3:23-cr-90.